

# Missouri Court of Appeals

## Southern District

### Division One

IRVIN R. STACK and )
KATHY G. STACK, )
)
      Appellants, )
) No. SD36793
  vs. )
) **Filed: May 20, 2021**
J & A OUTDOORS, LLC, )
)
      Respondent. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Judge

## <u>AFFIRMED</u>

Mr. and Mrs. Stack appeal from a judgment denying their suit to enjoin Respondent, a neighboring property owner, from hosting archery functions periodically on its undeveloped land. We affirm.

## Background

Appellants purchased 600 acres of land bordering Meramec Spring State Park in the early 1990s. They developed roadways and began selling land a little at a time. There is no indication in the record that Appellants platted a subdivision or recorded an

approved subdivision plat to create a subdivision of record and define the boundaries of such a subdivision and tracts therein.

Appellants conveyed a total of approximately 81 acres of land to Mr. and Mrs. Monroe by warranty deeds executed in 2012 and 2014 (the "2012 Deed," and the "2014 Deed," collectively the "Deeds"). The Deeds stated that Appellants sold and conveyed to the Monroes "the following described lots, tracts and parcels of land situated in the County of Phelps and State of Missouri," followed by references to an Exhibit "A" and an Exhibit "B". Exhibit "A" attached to each of the Deeds contained a metes and bounds description of the land conveyed. After the metes and bounds description, the 2012 Exhibit "A" qualified the conveyance as, "Subject to easements, restrictions, covenants, dedications and reservations existing or of record," while the 2014 Exhibit "A" contained the slightly different qualifier, "SUBJECT TO the reservations and restrictions as shown on Exhibit 'B' attached and made a part hereto."

Exhibit "B" incorporated in the Deeds is a declaration of protective covenants and restrictions (the "Restrictions") for "Soaring Eagle Valley." The Restrictions begin, "The following covenants and restrictions shall be recorded on the deed for each parcel that becomes part of the property to be known as 'Soaring Eagle Valley' and located in the [description down to the quarter section] as shown on Attachment A hereto . . . ." However, no Attachment "A" was included with the Deeds filed with the Recorder of Deeds. The Restrictions "are to run with the land" unless modified or rescinded by a written document signed by at least three quarters of the tract owners in the Subdivision and filed with the Recorder of Deeds. As relevant here, the Restrictions forbid commercial use of the land and public or commercial shooting ranges.

Mr. and Mrs. Kossuth formed J & A Outdoors, LLC, ("Respondent") with the intention to purchase land for an archery club. In 2016, Respondent purchased from the Monroes all of the land they acquired from Appellants in the Deeds (the "Property"). Respondent did not have actual knowledge of any restrictions when it purchased the Property.

The Property is wooded and does not have electricity or running water. The only structure on the Property is an 8 x 10 storage shed.

Respondent advertised and held public archery contests beginning in 2017. Appellants objected to Respondent's use of the Property as a violation of the Restrictions. After Appellants filed suit seeking injunctive relief, Respondent executed and filed with the Recorder of Deeds a "Removal of Covenants and Restrictions" (the "Revocation") in which it rescinded the Restrictions in their entirety. Prior to the filing of the Revocation, the only land with the Restrictions in its chain of title was the Property, which was owned solely by Respondent.

The parties submitted the case to a bench trial with some stipulated facts and some contested evidence. The court found the property affected by the Restrictions had not been sufficiently identified because Attachment "A" had not been filed with the Deeds. The court further found that, to the extent the Restrictions affected the Property, the Revocation effectively cancelled the Restrictions.

### Discussion

"In this court-tried equity action, the ruling of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Kling v. Taylor-Morley, Inc.*, 929 S.W.2d 816, 819 (Mo.App. 1996). We understand Appellants' first two points to be

3

challenges to the application of the law in the court's interpretation of the Restrictions and Revocation.

"A restrictive covenant is a private contractual obligation generally governed by the same rules of construction applicable to any covenant or contract. Thus, the principles of contract law apply when interpreting an indenture." ***Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC***, 585 S.W.3d 269, 280 (Mo. banc 2019) (internal punctuation and citation omitted). Contract construction is a question of law reviewed *de novo*. ***Wildflower Cmty. Ass'n, Inc. v. Rinderknecht***, 25 S.W.3d 530, 534 (Mo.App. 2000). However, we defer to the trial court's assessment of the evidence when facts relevant to an issue are contested. ***Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Tr. Co., Inc.***, 464 S.W.3d 177, 187 (Mo. banc 2015).

Missouri law does not favor restrictions on the free use of land. ***Simcox v. Obertz***, 791 S.W.2d 440, 442 (Mo.App. 1990). "When there is any ambiguity or substantial doubt as to the meaning, restrictive covenants will be read narrowly in favor of the free use of property. This means if the terms are ambiguous, their meaning will not be extended by implication to anything not clearly expressed in them." ***Trustees***, 585 S.W.3d at 280 (internal punctuation and citation omitted).

Soaring Eagle Valley was not platted or otherwise formally defined or memorialized in the land records. It had to be sufficiently described in the recorded records at issue in this case to have any defined boundary. An Attachment "A", which, according to trial testimony would have more definitely described or depicted the land, was not filed with the Recorder of Deeds. The only description of Soaring Eagle Valley was no more specific than quarter sections of land, not all of which was owned by Appellants when they conveyed the Property to the Monroes. The boundaries of Soaring

4

Eagle Valley and whether the Property became part of Soaring Eagle Valley are ambiguous on the face of the Deeds and attachments thereto.

Appellants contend the property subject to the Restrictions was described sufficiently because the Deeds "contained a legal description of the property conveyed" and stated such conveyance was subject to the Restrictions. Only the 2014 Exhibit "A" mentioned the Restrictions, but we need not quibble on that issue because this argument fails for a more basic reason. By its plain terms, the Restrictions only apply to those properties that become part of Soaring Eagle Valley "as shown on Attachment A." Mr. Stack's own testimony demonstrates why his argument on appeal fails. When asked what land was included in Soaring Eagle Valley, Mr. Stack testified, "It refers to Attachment A. So to answer the question, I would have to know what Attachment A is." The trial court did not misapply the law in finding that the property subject to the Restrictions had not been sufficiently identified. Point I is denied.

We also see no misapplication of the law in the court's decision to give effect to the Revocation. To the extent that *any* property was subject to the Restrictions, it was only those properties with the Restrictions incorporated into their chain of title. Appellants do not challenge the court's factual finding that the Restrictions were not included in the chain of title for any land other than the Property, which was owned solely by Respondent. Absent a contractual provision to the contrary, restrictive covenants running with the land may be extinguished, modified, or amended by unanimous consent of all those who are subject to the restrictions and all those entitled to enforce them. *Hazelbaker v. County of St. Charles*, 235 S.W.3d 598, 602 (Mo.App. 2007); *Kauffman v. Roling*, 851 S.W.2d 789, 792-93 (Mo.App. 1993); *Steve Vogli & Co. v. Lane*, 405 S.W.2d 885,

888 (Mo. 1966). Respondent elected to extinguish the Restrictions, as was its right as sole owner of the land subject to the Restrictions.

Although Appellants' land was not subject to the Restrictions when Respondent filed the Revocation, Appellants argue their consent was required because they owned neighboring land and could enforce the Restrictions as a developer. The trial court found that Appellants did not prove the Restrictions were manifestly intended for the benefit of other lots owned or retained by Appellants. Appellants did file Restrictions with the Recorder of Deeds, but only as to three parcels of land they actively were trying to sell and only after Respondent had already recorded its Revocation. Point II is denied.

As best we can discern, Point III is a claim that the court erred in not finding that Respondent's activities were prohibited by the Restrictions. Appellants acknowledge the trial court never reached this issue. Given our disposition of Points I and II, Point III is moot and we need not reach it, either. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS